BERGMAN, Respondent, vs. HENDRICKSON and another, Appellants.

*March 21 — April 6, 1900.*

*Liability of master for assault by servant: Court and jury: Scope of employment: Provocation: Jurors: Waiver of objection: Instructions to jury: Appeal.*

1. In an action against saloon-keepers for an assault committed by their bartender upon plaintiff, an intoxicated customer who had refused to pay for drinks, the barkeeper testified that in the course of the colloquy the plaintiff threw his hands up across the bar and called the witness a vile epithet, and that he thereupon lost all thought or consideration of his masters' business or of collecting for the liquor, and committed the assault because of such motion and epithet. On a previous trial the same witness had testified that the assault was made because of the failure to pay for the drinks, making no mention of a personal grievance, and that his narrative was complete; and the testimony of one of the defendants, who was present, and of the plaintiff, tended to corroborate this latter version. *Held,* that the question whether the assault was personal, or was committed with the purpose or in the line of enforcing payment, was properly left to the jury.

2. If the bartender committed the assault for the purpose of collecting pay for his employers' liquor, he was acting within the scope of his employment, and his employers are liable, even though the servant may have been expressly prohibited from performing the duty in that manner.

3. In such a case the fact that the person assaulted conducted himself in an improper manner, calculated to arouse and bring on personal altercation with the bartender, and that the assault was wholly or

Bergman vs. Hendrickson and another.

in part the result of such misbehavior, does not relieve the employers from liability, if the bartender was acting within the scope of his duties.

4. Refusal to discharge a juror on challenge for cause is not a prejudicial error, where the juror was removed on peremptory challenge, and no objection was made to the jury as finally impaneled.

5. Omission to instruct as to the burden of proof cannot be considered on appeal, when no request to supply such omission was made at the trial.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The plaintiff, intoxicated, entered defendants' saloon. After making two purchases of liquor for himself and others, for which he refused to pay, he finally made a third purchase from the barkeeper, one Backstrom. For this also he refused to pay when called on, and some altercation took place, whereupon the barkeeper struck him, and rushed out from behind the bar, and seized him, whereupon he fell to the ground, injuring his thumb seriously. He recovered a verdict, upon which judgment was rendered in plaintiff's favor, from which this appeal is taken. Other material facts are stated in the opinion.

For the appellants there was a brief by *Crownhart & Foley* and *J. A. Murphy,* and oral argument by *W. R. Foley.*

For the respondent the cause was submitted on the brief of *Geo. C. Cooper.*

DODGE, J. 1. The principal assignment of error upon which appellants dwell is that the evidence conclusively establishes that the assault by Backstrom upon the plaintiff was entirely personal to the former for the purpose of wreaking personal vengeance, or satisfying his personal anger and indignation, aroused by a threatening motion and an opprobrious epithet applied to him by the plaintiff. Backstrom testified upon the trial that the plaintiff, in the course of the colloquy, threw his hands up across the bar, in a manner in-

dicated by gestures, and called him by a vile epithet, and that he thereupon lost all thought or consideration of his masters' business, or of collection for the liquor sold, and committed the assault upon the plaintiff because of such motion and epithet. On a previous trial the same witness had testified, substantially, that the assault was made because the plaintiff did not pay for the drinks, and to compel him to do so; and gave a narrative of the events which wholly omitted both the threatening motion and the verbal abuse, asserting that his narrative was complete. The defendant who was present gave an account of the transaction, which indicated at least that the assault was the immediate sequence of the refusal to pay, without mentioning the circumstances which Backstrom related as arousing his personal ire. The plaintiff's own story, also, while quite indefinite, tended to the same effect. We are persuaded that the conclusion of the trial court that the testimony was open to two inferences — one that the assault was entirely personal, the other that it was done with the purpose and in the line of enforcing payment — ought not to be disturbed. The appearance of the witness Backstrom, the manner of his giving the new testimony on which the appellants now dwell and of responding to the cross-examination with reference to his previous testimony, might well have justified the jury in disbelieving the new facts testified to on the last trial, and we cannot feel justified in saying that the trial court erred in submitting to them the question of Backstrom's motive and purpose, nor in refusing to set aside their conclusion. If Backstrom committed the assault for the purpose of collecting payment for his masters' liquor, he was within the scope of his employment. It was his method of performing the duty delegated to him, and, although the method may not have been either expressly authorized or even contemplated,— nay, although it may have been expressly prohibited,— yet the master is liable for the damages caused

thereby, provided he has intrusted to the servant the duty he was attempting to perform. *Craker v. C. & N. W. R. Co.* 36 Wis. 657; *Schaefer v. Osterbrink*, 67 Wis. 495; *Rogahn v. Moore M. & F. Co.* 79 Wis. 573; *Reinke v. Bentley*, 90 Wis. 457; *Bryan v. Adler*, 97 Wis. 124.

2. The appellants contend further that, although the bartender may have been acting within the scope of his duties, the master is not liable if the plaintiff, by words or acts, conducted himself in such improper manner as was calculated to arouse and bring on personal altercation with the bartender, and the assault complained of was wholly or in part the result of such misbehavior on the part of the plaintiff. The court refused a requested instruction to that effect, and, on the contrary, charged: " If Backstrom was impelled to the assault, whatever words may have passed, by a purpose to enforce payment of the liquor bill that he was trying to collect, and committed the assault as incidental to such effort, plaintiff should recover." The rule thus laid down by the court is that sanctioned by the authorities above cited; and the exception thereto, contended for by appellants, in case of misconduct or verbal provocation on the part of plaintiff, is nowhere recognized. Such an exception would ignore the principle on which the liability is founded, namely, that the tortious act of the servant, when within the scope of his duty, is the act of the master himself. That being the principle, the tort, when so committed by the servant, can be justified on no grounds less cogent than those which would serve as justification of the same act if committed by the master. In *Rogahn v. Moore M. & F. Co.* 79 Wis. 575, it is said: " It is generally agreed that for negligent or wrongful acts of the servant in the line of his duty, for which the master would be liable if the act were done by himself, the master is responsible." It need hardly be stated that neither insult nor vituperation can fully justify assault and battery, though they may properly mitigate damages

in civil actions or punishment in criminal prosecutions. Appellants press upon our attention, as supporting the exemption of the master in case of misconduct or insult by plaintiff to the servant, the case of *Scott v. C. P., N. & E. R. Co.* 53 Hun, 414, which, upon examination, proves to have no relevancy whatever. That case deals with a very different ground of liability, namely, that which is imposed on the master for wilful torts of a servant, although outside of the line of his duty, when the relations between the master and the plaintiff are such that the former is under an obligation to protect the latter against such wrongs, whether committed by servants or others. That liability is well stated and illustrated in *Craker v. C. & N. W. R. Co.* 36 Wis. 657, and *Fick v. C. & N. W. R. Co.* 68 Wis. 469, and is grounded not so much on the principle of *respondeat superior* as upon the failure of a carrier to perform its duty to protect its passengers and patrons. Such was the case urged on us by the appellants. There the driver of a street car assaulted a passenger to avenge insults and threats offered to him personally. His act was wholly personal and outside the scope of his employment. The plaintiff's right of recovery depended, not on the fact that the assault was committed by a servant, but on the fact that he suffered any assault while entitled to protection as a passenger. The rule of law declared in that case was responsive to the situation, and went no further than to hold that a passenger is entitled to protection only so long as his own conduct merits it, and that the carrier is not bound to protect him against the usual and probable results of his own misbehavior. If the soundness of that doctrine were fully conceded, it would not affect defendants' liability in the present case, predicated not on failure to protect, but upon defendants' own affirmative wrong, committed through their servant, acting in the line of his duty.

3. An error assigned to a refusal to discharge a juror on

challenge for cause cannot serve for reversal, since no preju-
dice resulted to appellants. The juror was removed on per-
emptory challenge, and no objection was made to the jury
as finally impaneled. *Emery v. State,* 101 Wis. 627; *Cor-
nell v. State,* 104 Wis. 527. The evidence, exclusion of which
is assigned as error, was all within the discretion of the
trial court. Either the questions were leading or mere repe-
titions. Omission to instruct as to burden of proof cannot
be noticed on appeal when no request to supply such omis-
sion was made at the trial.

We discover no error.

*By the Court.*— Judgment affirmed.