Linden, Respondent, vs. City Car Company, Appellant.

*November 4—December 2, 1941.*

238

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

For the respondent there was a brief by *Hall, Baker & Hall* of Madison, and oral argument by *Laurence W. Hall.*

WICKHEM, J. Upon this appeal there is no substantial difference of opinion as to the rule of law to be applied. The rule that the principal is not liable for acts of a servant outside the scope of his employment is too elementary and well established to warrant exposition at any length here. *Ratcliffe v. Chicago, M. & St. P. R. Co.* 153 Wis. 281, 141 N. W. 229; *Mandel v. Byram,* 191 Wis. 446, 211 N. W. 145. It is also the rule that a wanton and malicious act done by a servant with an intention to further or as an incident to his master's employment is within the course of his employment. See *Bergman v. Hendrickson,* 106 Wis. 434, 82 N. W. 304; *Mandel v. Byram, supra.* The wanton and malicious

quality of the act is ordinarily strong evidence against such an intention however. Restatement, 1 Agency, p. 550, § 245. The mere fact that the servant commits a tort during the period of his employment is not enough to put the act within the scope of his employment. *Mittleman v. Nash Sales, Inc.,* 202 Wis. 577, 232 N. W. 527; *Seidl v. Knop,* 174 Wis. 397, 182 N. W. 980. The test is whether the servant has stepped aside from the business of his principal to accomplish an independent purpose of his own, or whether he was actuated by an intent to carry out his employment and to serve his master.

Applying these rules, we conclude that the trial court was in error in overruling the demurrer. Kilgore's acts were not directed against the passenger who declined transportation but against plaintiff who was nothing more than a bystander and who merely happened to be in the vicinity when Kilgore lost his temper. There is nothing in the facts alleged from which there can be inferred a purpose on Kilgore's part to further his employment or to act on behalf of his employer. It can only be held a stepping aside from his employment and wholly outside the scope of his employment. Had Kilgore's act constituted merely an over-zealous attempt to get patronage it may be that his misplaced zeal could be accounted for (if, indeed, this would be necessary upon such a hypothesis) by defendant's encouragement of active competition and its payment of such a low wage scale as would compel such competition. Here, however, the act was so wholly unconnected with the discharge of his duties that no intent to further his employment can be inferred and the employment contributed only to his presence at the place of the assault. Concededly this is not enough. This was simply a tort committed during the time of his employment.

The negligence question appears at first glance to be closer but it must receive the same answer. In substance the allega-

tion is that defendant intrusted its taxicab to one whom it knew or in the exercise of ordinary care should have known was an ex-criminal and of such character and disposition as reasonably to lead to the expectation that he would commit an assault or breach of the peace. Liberally construing the complaint it amounts to this: That in a highly competitive business in which personal solicitation is involved defendant negligently selected as one of its solicitors a person of violent temper who could reasonably be expected to initiate some kind of an affray when the fortunes of competition ran against him, and that defendant's negligence should therefore be considered to have caused plaintiff's injuries. The weak point in this contention is that under the facts alleged in the complaint Kilgore's employment had no connection with the assault. As a result of it he was at the place of the assault and that is all that can be made of it. This falls far short, in our opinion, of enough to show that the employment was the proximate cause of plaintiff's injury. Had plaintiff been a passenger and under the care of defendant, a different question would be presented. See *Craker v. Chicago & N. W. R. Co.* 36 Wis. 657; *Bergman v. Hendrickson, supra.*

This case is one that makes a strong appeal to our sympathies and in view of that we have given earnest and sympathetic consideration to plaintiff's contention. We are unable to find in it the basis for any liability on the part of defendant.

*By the Court.*—Order reversed, and cause remanded with directions to sustain defendant's demurrer, and for further proceedings according to law.