GIBBS STEEL COMPANY and another, Respondents, vs.
INDUSTRIAL COMMISSION and another, Appellants.*

*May 20—June 16, 1943.*

---

* Motion for rehearing denied, without costs, on September 14, 1943.

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Howard T. Foulkes* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

WICKHEM, J. Claimant, Donald MacArthur, aged fifty-eight, was employed by the Gibbs Steel Company as a traveling salesman. He lived in Shorewood, Milwaukee county. His territory included nearly the entire state of Wisconsin, as well as northern Michigan. The employer paid all of his expenses at hotels and gave him an allowance of $75 a month for the upkeep and maintenance and operation of his car. The selection of lodgings was left to claimant's discretion. In the course of one of his trips he arrived in Madison on October 27, 1941, and stayed at the Madison Club. On the 28th he made business calls at Baraboo, Portage, and Waupun. In the evening he went to a tourist camp on the outskirts of Madison, selecting the cabin because it would be convenient in enabling him to get an early start for Stoughton the next morning. He had a room with a shower bath adjoining and while stepping under the shower he slipped on a small rug, fracturing his femur. It is not claimed that the room or bath were in any way unsafe.

The commission found that the injury arose out of and in the course of his employment. The circuit court held to the contrary.

Appellants contend that there was an issue of fact whether the injury arose out of, and in the course of MacArthur's employment, and that there is credible evidence to support the commission's affirmative finding upon this issue. We

cannot agree with this contention. Neither the facts nor the inferences are in any dispute, and the sole question is as to the application of the statute to these undisputed facts and inferences. This is a question of law. It is asserted that this court held to the contrary in *Eckhardt v. Industrial Comm.* 242 Wis. 325, 7 N. W. (2d) 841. However, an examination of that case will disclose that a majority of the court considered that the undisputed facts there gave rise to conflicting inferences and for this reason an issue of fact and not of law was held to be presented.

The question is, (1) whether a traveling salesman, whose work requires him to travel from place to place, whose expenses of travel including hotel bills are fully paid by the employer, but who is given a free choice in the selection of his sleeping accommodations in a territory where usual and ordinary accommodations of the sort that he would enjoy at home are available, is in the course of his employment while taking a bath in a room rented by him at a tourist camp, and (2) whether injuries sustained by slipping upon a bath mat arose out of his employment.

This question has not been directly passed upon in this state and it is a question upon which there is a considerable difference of opinion in the authorities. In *Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 170 N. W. 366, the employee worked at a lumber camp eight miles from the nearest habitation and was required to stay in a bunkhouse owned and furnished by the employer. He sustained an injury when a straw from an upper bunk fell and lodged in his throat as he was reclining in his own bunk. It was held that the injury was compensable. This court there stated that the general rule under the authorities is that when the contract of employment contemplates that the employee shall sleep upon the premises of the employer the employee under such circumstances is considered to be performing services growing out of and incidental to such employment during the time he is

on the premises of the employer. This case, of course, does not deal with the present situation although its doctrine is carefully limited to cases where the employee is required as part of his employment, and by reason of the necessities of his employment, to sleep upon the employer's premises. In *State Young Men's C. Asso. v. Industrial Comm.* 235 Wis. 161, 165, 292 N. W. 324, the applicant was a counselor at a summer camp. When not actively occupied he was permitted to use the recreational facilities of the camp. He was injured in the course of playing tennis. This court held the injury not to be compensable, the court holding that his play was without direction or compulsion of any kind which required him to take part and no duty was imposed upon him:

"The employment must establish the limits of the risk. Exactly as the workingman is entitled to his wages, so he should be entitled to indemnity for the injuries sustained in the natural course of his labor. This excludes injuries sustained when off duty and while the relation of employment does not operate upon him by requiring him to do anything or be in a particular place. He then conducts himself according to his own wishes, sets the stage himself, and controls the elements that constitute the hazard."

The *State Y. M. C. A. Case, supra,* gives the key to the solution of this case. While engaged in traveling the person whose employment requires him to travel is in the course of his employment and if injured by one of the hazards of travel his injury arises out of the employment. The illustrations furnished by appellant are apt. If a traveling salesman, who is shaving with his own razor while in a hotel room, cuts himself, there would be no liability, because the employment did not create the hazard. If, however, the employment required him to shave while riding on the train, and he cut himself because of a jolt, the accident would arise out of the employment.

We are of the opinion that applicant, while occupying his room at the camp was not in the course of his employment,

and that in any event, the injury did not arise out of any hazard created by his employment. The applicant had a complete and unrestricted choice of sleeping facilities. Sleeping and making a toilet are not a part of traveling but of living. They are out-of-hours activities in which the employer has no interest and should assume no responsibility unless for some reason connected with the employment he insists upon including them within the employment. This he certainly does by requiring the employee to stay upon the premises. Whether he also does so by designating particular places of lodging we need not and do not decide. In such a case as is here involved, however, the employer evidenced no concern and exercised no control whatever over what applicant did after hours. He made no selection of hotels. He furnished no premises himself. He left applicant complete discretion to select such facilities as suited the latter's taste, and this in a territory where facilities having no more hazards than those of applicant's home were abundant. Under these circumstances we hold with the New York courts in *Davidson v. Pansy Waist Co.* 240 N. Y. 584, 148 N. E. 715; *Turner v. Cathedral Publishing Co.* 268 N. Y. 656, 198 N. E. 542; and *Jakeway v. John F. Bauer Co.* 218 App. Div. 302, 218 N. Y. Supp. 193, that the injury did not arise out of and in the course of the employment. MacArthur's employment did not create the necessity of sleeping or bathing, and the trial court correctly held that these are the requirements of ordinary life and not of any particular employment. We further hold that his employment did not increase these hazards. Respondent's illustration of the traveler cutting himself while shaving in a hotel room appears to us to cover this point. To paraphrase the opinion of this court in the *State Y. M. C. A. Case, supra,* applicant was off duty and conducted himself according to his own wishes, set the stage himself and controlled the elements that constituted the hazard.

*By the Court.*—Judgment affirmed.