SIMONS, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*October 10—November 5, 1952.*

*Kenneth E. Worthing,* attorney, and *J. W. Calhoun* of counsel, both of Fond du Lac, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*R. A. Huevler* of Milwaukee, for the respondent Lumbermens Mutual Casualty Company.

MARTIN, J. Appellant contends that the entire trip from Mineral Point to Fond du Lac to Milwaukee was caused by, resulted from, and was incidental to the single purpose of carrying out the employer's business. The trial court held that at the time of the accident decedent had deviated from the course of his employment to accomplish a purely personal objective, that of having his wife's parents take care of his children.

The test of deviation is not so much a matter of distance traveled and time consumed in departing from the most direct route, but whose purpose was thus served. *Peterman v. Industrial Comm.* (1938), 228 Wis. 352, 280 N. W. 379.

Did the decedent deviate from the direct route between Mineral Point and Milwaukee in order to serve his employer, or was his primary purpose that of arranging his personal affairs so that he and his wife could be absent from home during the period of their attendance at the convention?

"The test is whether the servant has stepped aside from the business of his principal to accomplish an independent purpose of his own, or whether he was actuated by an intent to carry out his employment and to serve his master." *Linden v. City Car Co.* (1941), 239 Wis. 236, 239, 300 N. W. 925.

Obviously, the employee had to arrange for the care of his children, but in carrying out whatever arrangements he decided upon for the children's care he cannot be said to be performing services growing out of and incidental to his employment.

When an employee agrees to perform services for his employer it is assumed that he will so arrange his personal affairs as to be able to do so. It cannot be said that when he engages in such personal activities as may be necessary in order to do his work, such activities inure to the benefit of the employer. Many personal arrangements may be necessary to be made under such circumstances, which have no relation to his employer's business even though they may be

incidental to his absence on such business and may actually be done after leaving on the trip. The employer receives no benefit therefrom.

In *Barragar v. Industrial Comm.* (1931), 205 Wis. 550, 553, 238 N. W. 368, this court said:

" . . . it is essential, by some process or other, to determine whether, at the outset, the trip in question was that of the employer or that of the employee. . . . In case it is the employer's trip and there are any detours for purely personal objectives, such detours must be separated from the main trip and the employee held to be outside the scope of his employment during such detour."

In carrying out his plan to leave the children in Fond du Lac, decedent detoured from the employer's trip to accomplish an independent personal objective and was thus outside the scope of his employment at the time of the accident.

Appellant argues that if it is held that decedent was engaged in accomplishing a personal objective at the time of the accident, his activities came within the language of sec. 102.03 (1) (f), Stats., which provides that "Acts reasonably necessary for living or incidental thereto shall not be regarded as such a deviation."

As pointed out by the attorney general, this section, commonly referred to as the "traveling salesmen's provision," was enacted by the legislature to remedy an evil brought to its attention by cases such as *Gibbs Steel Co. v. Industrial Comm.* (1943), 243 Wis. 375, 10 N. W. (2d) 130, and *Creamery Package Mfg. Co. v. Industrial Comm.* (1933), 211 Wis. 326, 248 N. W. 140, where injuries sustained while taking a bath and illness contracted by traveling salesmen whose work required them to live away from home most of the time, were held not to be covered by the act. Here, decedent was not a traveling salesman, but even if he had been, his activities at the time of the accident would not come

within the meaning of the language referred to. As stated in *Hansen v. Industrial Comm.* (1951), 258 Wis. 623, 627, 46 N. W. (2d) 754:

"The statute is so framed as to prevent any finding of deviation unless some meaningful manifestation of an intention on the salesman's part to engage voluntarily 'in a deviation for a private or personal purpose' is shown to exist." See also *Armstrong v. Industrial Comm.* (1948), 254 Wis. 174, 35 N. W. (2d) 212.

The undisputed evidence before the commission in this case that decedent was occupied at the time of his death in taking his children to their grandparents supports the finding that he had deviated from the scope of his employment, and the trial court properly confirmed that finding and the order based thereon denying compensation.

*By the Court.*—Judgment affirmed.