## FERGUSON *v.* SOHIO PETROLEUM CO.

No. 39729 October 3, 1955 82 So. 2d 575

*Calvin B. Wells,* Natchez; *Crisler, Crisler & Bowling,* Jackson, for appellant.

*Watkins & Eager,* Jackson, for appellee.

APPELLANT IN REPLY.

LEE, J.

This is a claim under the Workmen's Compensation Act. The sole question was whether or not the injury to O. B. Ferguson, from which he died, arose out of and in the course of his employment. The attorney-referee, the Commission and the circuit court, in succession, denied the claim of the widow, Mrs. Ovelia V. Ferguson, and she has appealed here.

The deceased worked for Sohio Petroleum Company as an assistant foreman. His regular working day was eight hours, but he was subject to call during the whole twenty-four hours. The oil wells were located some distance from the City of Natchez in Adams County, and the company maintained, on the lease, an office and houses for certain of its employees. It was inconvenient and impracticable, under the circumstances, for the deceased to live in Natchez. Consequently he leased, from a third person, a plot of land across the road, about three hundred yards from the company's office, built a small house thereon, and he and his wife lived there.

On April 10, 1952, Ferguson worked from 7 A. M. until 3 P. M. at his regular tasks. No emergency developed, and, after the change in shifts, with the permission of

his superior, he joined several other men in a friendly card game. This pastime lasted until about dark. He had told his wife and another associate that it was necessary for him to inspect a well before he went home. At any rate, he arrived at home about 6:30 or 7 o'clock that evening, and shortly thereafter ate cake and drank coffee. It had been his purpose to attend a lodge meeting in Natchez, but, because of the lateness of the hour, he decided not to do so. Following the light repast, Ferguson got some casing-head gas for the purpose of cleaning up. His wife observed that he had grease on his hands. He undressed, went into the bathroom; and while he was engaged in cleaning up or bathing, the lighted heater evidently set off the gas which he was using, and he was burned so seriously that he died the next day.

The appellant contends that the claim should be viewed and considered as if Ferguson had actually been living on the premises of his employer when he was washing grease from his body, and that his injury was therefore incidental to his employment. She cites several cases on that particular question, including Pacific Indemnity Company v. Industrial Accident Commission, 159 P. 2d. 625; Taylor v. 110 S. Penna. Avenue Corporation, 188 Atl. 689; Brandner v. Myers Funeral Home, 47 N. W. 2d. 658; Wiarda v. Wiarda, 120 N. Y. S. 2d. 509; Carraway Methodist Hospital, Inc. v. Pitts, 57 So. 2d 96. In each of these cases, some of which are extremely liberal, the injury occurred on the premises of the employer.

In Employers Mutual Liability Insurance Company of Wisconsin v. Konvicka, 99 Fed. Supp. 433, also cited by appellant, the automobile was pushed from the premises of the employer into a road, paralleling the employer's property, and the injury actually occurred nearby in the road.

In Western Condensing Company v. Industrial Commission, 55 N. W. 2d 363, likewise cited by appellant, where Asplin, subject to call, twenty-four hours of the day, was being paid his travel and living expenses until

he could move his family to Portland, and it was shown that he had given notice of the termination of his tenancy at Appleton and had contacted a trucking concern to move his effects, in view of the fact that he was seen in the company's office at 1:45 A. M. and his body was found on the railroad tracks at 2:05 A. M., it was held that the evidence was sufficient to show that he was going to the railroad station to make arrangements for the transportation of his wife and children to Portland at the time that he was killed by the train.

 ██ But in the case here, Ferguson had finished his duties for the day. He evidently did not expect to do any further work that day unless some emergency should arise; and in that event, the absence of grease from his hands would have been immaterial because most likely he would have gotten other grease on them. He was off the premises of the company, in his own home, performing a personal act.

When it was sought in Wallace v. Copiah County Lumber Company, 223 Miss. 90, 77 So. 2d. 316, under exception (6) to the general rule against liability for injuries occurring off the premises, as therein mentioned, to-wit: "where the place of injury, although owned by one other than the employer, is in such proximity to the premises owned by the employer as to be, in effect, a part of such premises," to get compensation benefits for Wallace, who lived across the road about a quarter of a mile east of his place of work, and was hurt in the road as he was going home, the Court said that: "the highway, under the facts here, did not, from a legal standpoint, become a part of the employer's premises."

Neither was the claim compensible in Thornton v. La.-Miss. Pipeline Construction Company, 214 Miss. 314, 58 So. 2d 795, where the employer obtained army tents and donated them to such employees as cared to avail of them, and a fire broke out during the night and caused injury to one of the occupants.

As stated above, Ferguson, at the time of his injury, was performing a personal act, and his injury did not arise out of and in the course of his employment. Dr. Pepper Bottling Company v. Chandler, 224 Miss. 256, 79 So. 2d. 825.

It follows therefore that this cause must be and is affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.