■        In the Matter of the Claim of FRANK MILLER, Appellant, against F. A. BARTLETT TREE EXPERT Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board disallowing a claim. The employer is engaged in the business of tree surgery and claimant was a supervisory foreman stationed at Kingston. An annual conference was held by the employer at his headquarters at Stamford, Connecticut to acquaint its employees with its experimental work and claimant, as part of his duties, was expected by the employer to attend the conference. The expense of travel, hotel and meals in connection with the conference was furnished by the employer. The conference sessions which lasted three days were in two daily parts, daytime sessions on the laboratory grounds and in the field; and evening sessions held at a hotel. Employees could eat dinner where they chose, but were required to be at the conference meeting in the hotel at night. Absence or tardiness was subject to some penalty. Claimant testified that in the afternoon conference session of September 7, 1952 he was taken around the grounds of the employer and instructed by several professors. In the course of these instructions claimant examined moss and wood, clumps of earth for worms and leaves and twigs; and dug in the soil with a potknife to examine it for the presence of Japanese beetles, and after this digging the soil was replaced. He testified in this work he perspired and became dirty. He added that "we got grubby doing that". While claimant was in a bathtub at the hotel to get cleaned up after this instruction tour he slipped and was injured. No formal dress was required for the night conference session, but it is conceded that employees should be neat and clean for the meeting in the hotel. The board has dismissed the claim on the legal conclusion that claimant was engaged when injured in "a personal act". Taking a bath is, of course,

normally that, even if an employee is bathing preparatory to going to work. But here two aspects of the work were in continuity, one exposing claimant to becoming physically dirty and the other requiring him to be neat in appearance. The employer provided the bathtub; and it was used in these special circumstances in the course of employment. Decision reversed and claim remitted to the Workmen's Compensation Board for further consideration, with costs to the appellant against the respondent carrier and employer. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.