Breland & Whitten, et al. *v.* Breland

No. 42268 April 2, 1962 139 So. 2d 365

*Brewer, Brewer & Luckett*, Clarksdale, for appellants.

*Albert D. Whitten,* Charleston, for appellee.

JONES, J.

We are called upon to determine whether one away from home on business is entitled to recover workmen's compensation benefits for injuries received as the result of falling in the bathtub at a time of day prior to entry into the actual discharge of his duties. It so happens that the claimant is a distinguished and honorable member of the legal profession.

The matter was presented to the Commission on an agreed statement of facts. The Commission allowed compensation, and on appeal to the circuit court, the circuit court affirmed the Commission.

There are no controverted facts. It, therefore, resolves itself into a question of law, and the question is whether the injuries arose out of and in the course of his employment.

Mr. J. J. Breland, the claimant, was a partner of John W. Whitten, Jr., and practiced law at Sumner, Mississippi, under the firm name of Breland and Whitten. The firm elected to come under the Workmen's Compensation Law and the insurance carrier was the company above named.

On July 28, 1960, in order to investigate the facts and the law of a case in which the said firm had been employed, claimant came to Jackson, Mississippi, and registered at one of the principal hotels. It was necessary for him to remain in Jackson three or four days. He had an engagement for Monday morning, August 1, to meet a young lady secretary at the State Law Library for the purpose of briefing the law in the case aforesaid. About 7:30 A.M. on that morning, while taking a shower bath, hot or boiling water struck his body, and in an effort to get away, he fell in the bathtub and was injured.

He received fractures of five ribs; he later developed fluid in his left chest. On the first trip he remained in

the hospital about four days. On August 31, when the fluid was found, he was re-admitted to the hospital and the fluid was removed by needle. He was advised by the doctor to do no work and return to the doctor on January 18, 1961. There was thickening of the lining of the plural cavity on the left, and the doctors stated there may be a small amount of residual disability from the injury, but until January 30, 1961, he was completely disabled. It was not shown exactly as to when he would be fully recovered. His medical and hospital bills amounted to more than $1,000.

Appellee relies upon the traveling salesmen cases where a traveling salesman was injured while traveling away from home. None of such Mississippi cases, however, involved a claim of this particular type. He also relies upon such statements as 99 C.J.S., page 802, relative to traveling salesmen, but with the exception of the one New York Supreme Court case hereinafter mentioned, the cases cited there deal with fires, asphixiation, etc.

The one case cited upon which appellee relies is Miller v. Bartlett Tree Expert Company, 160 N.Y.S. 2d 308, where the claimant was injured in a fall in a bathtub while attending a conference at the expense of his employer. Claimant's employer was engaged in the business of tree surgery. Claimant was a supervisory foreman stationed at Kingston, New York. An annual conference was held at the headquarters of the company at Stamford, Conn., and the claimant was expected to attend. All expenses were paid. The conference sessions were in two daily parts; daytime sessions on laboratory grounds and in the field, and evening sessions at the hotel. Employees were required to be at both. Between sessions the claimant slipped in the bathtub and was injured. At the afternoon session, he had been examining moss, wood, clumps of earth, leaves and twigs, and he dug in the soil with his pocket knife looking for

beetles and then replaced the soil. The New York Supreme Court allowed compensation in this particular case, but stressed the fact that his work in the afternoon exposed him to becoming physically dirty, and the night conferences required him to be neat in appearance. This is the only case cited in which we have been able to find compensation was allowed for slipping in the bathtub.

In the case of Davidson v. Pansy Waist Company, 245 N. Y. 584, 148 N.E. 715, there was an appeal from the Supreme Court to the Court of Appeals. The Supreme Court has affirmed an order of the State Industrial Board making an award. The claimant, a traveling salesman, in the course of his employment, stopped in the City of Detroit and engaged a room and bath in a hotel. During the day he used the room to display his line of merchandise. On the day of the injury, he arose in the morning, fixed his samples for the day, while dressed in his pajamas, and then went into the bathroom to take a bath. He slipped in the bathroom, grabbed the lever of the shower, fell and was scalded. In reversing the case and dismissing the claim, the Court of Appeals, in a per curiam opinion, held:

"While it may be that at the time the claimant sustained his injuries he was making himself ready to perform his regular daily work as a salesman, such preparation cannot be said to be part of his employment, and it does not appear that he might not have prepared himself in exactly the same way if engaged in any other employment or vocation. The injury did not arise out of and in the course of his employment."

In Gibbs Steel Company, et al v. Industrial Commission, et al., 243 Wis. 375, 10 N. W. 2d, 130, the Supreme Court of Wisconsin had the same problem before it. In that case it was argued that there was evidence to support the Commission's finding upon the issue that the appellant was injured in the course of his employ-

ment, but the court held that the facts were undisputed and the sole question was as to the application of the statute to the undisputed facts and inferences and this was a question of law.

The facts were that one MacArthur was employed as a traveling salesman, his territory including nearly all of Wisconsin as well as northern Michigan. On one of his trips in Madison, Wisconsin, he went to a tourist camp. He had a room with an adjoining shower bath and while stepping under the shower, he slipped on a small rug, fracturing his femur. The Supreme Court of Wisconsin held:

"We are of the opinion that applicant, while occupying his room at the camp was not in the course of his employment, and that in any event, the injury did not arise out of any hazard created by his employment. The applicant had a complete and unrestricted choice of sleeping facilities. Sleeping and making a toilet are not a part of traveling but of living. They are out-of-hours activities in which the employer has no interest and should assume no responsibility unless for some reason connected with the employment he insists upon including them within the employment. This he certainly does by requiring the employee to stay upon the premises. Whether he also does so by designating particular places of lodging, we need not and do not decide. In such a case as is here involved, however, the employer evidenced no concern and exercised no control whatever over what applicant did after hours. He made no selection of hotels. He furnished no premises himself. He left applicant complete discretion to select such facilities as suited the latter's taste and this in a territory where facilities having no more hazards than those of applicant's home were abundant. Under these circumstances, we hold with the New York courts in Davidson v. Pansy Waist Co., 240 N. Y. 584, 148 N. E. 715, Turner v. Cathedral Publishing Co., 268 N. Y. 656,

198 N. E. 542, and Jakeway v. John F. Bauer Co., 218 App. Div. 302, 218 N. Y. S. 193, that the injury did not arise out of and in the course of the employment. MacArthur's employment did not create the necessity of sleeping or bathing and the trial court correctly held that these are the requirements of ordinary life and not of any particular employment. We further hold that his employment did not increase these hazards. Respondent's illustrations of the traveler cutting himself while shaving in a hotel room appears to us to cover this point. To paraphrase the opinion of this Court in the Young Men's C. Ass'n. case applicant was off duty and conducted himself according to his own wishes, set the stage himself and controlled the elements that constituted the hazard.''

 █ If the activity of the employee is purely personal and is disconnected from employment, the deviation suspends the employment relationship. Dunn, Mississippi Workmen's Compensation, Sec. 98.

In the case of Persons, et al. v. Stokes, 222 Miss. 479, 76 So. 2d 517, the employee had halted a search for his employer's cows because a dog treed a squirrel, and when a fellow employee shot at the squirrel the claimant was struck in the eye by a richocheting pellet. This Court held that the employee had deviated from his work for a personal purpose and that the injury was not received in the course of his employment. Cf. Wallace v. St. Louis-San Francisco Rwy. Co., 239 Miss. 237, 120 So. 2d 131.

In Ferguson v. Sohio Petroleum Co., 225 Miss. 24, 82 So. 2d 575, this Court held that where a claimant who was subject to call twenty-four hours per day, lived near the employer's office, had finished an eight-hour tour of duty and gone home, and while washing grease from his hands with casinghead gas was burned so seriously that he died, such injuries did not arise out

of and in the course of his employment. He was off the premises of the company in his own home performing a personal act.

We think the *Ferguson* case is particularly pertinent to the present issue, and is in accord with the *Davidson* and *Gibbs Steel Company* cases. In *Ferguson,* where the employee was washing his hands after regular working hours, it was said that he was performing a personal act not connected with the employment. 1 Larson, Workmen's Compensation Law, Sections 25.00-25.22 discuss the cases pertaining to injuries received from personal acts. Larson recognizes that "the greatest difficulty arises" when the question pertains to purely personal activities of traveling employees. Here we decide only the particular issue presented.

██ This Court is of opinion it would be a strained construction to hold that a lawyer injured outside working hours and while engaged in such a personal act as bathing received his injuries out of and in the course of his employment. We therefore reverse this case and dismiss the claim.

Reversed and dismissed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Rodgers, JJ.,* concur.