TYRRELL, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*March 4—March 30, 1965.*

220

221

222

For the appellant there were briefs by *Bonk, Lutz & Hertel* of Chilton, and oral argument by *Robert W. Lutz*.

For the respondent Industrial Commission there was a brief by *Bronson C. La Follette,* attorney general, and *Beatrice Lampert,* assistant attorney general.

For the respondents De Laval Separator Company and American Surety Company there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

BEILFUSS, J. Is there any credible evidence or reasonable inference drawn therefrom to support the finding of the Industrial Commission that at the time of the accident the

employee, Tyrrell, "had deviated for a personal purpose and had not returned to the normal route to be used in his work." Under the familiar rule, if there is such evidence in the record the finding of the commission must be affirmed.[1]

The statute involved is sec. 102.03 (1) (f), Stats., which provides:

"Every employe whose employment requires him to travel shall be deemed to be performing service growing out of and incidental to his employment at all times while on a trip, except when engaged in a deviation for a private or personal purpose. Acts reasonably necessary for living or incidental thereto shall not be regarded as such a deviation. Any accident or disease arising out of a hazard of such service shall be deemed to arise out of his employment."

The material portions of the examiners' findings of fact are as follows:

". . . that instead of stopping in Iron River where lodging and food were available, the deceased, for personal reasons, deviated from the normal route and drove to Nelma, Wisconsin, where he stopped at a tavern for drinks; that there were no accommodations for food or lodging at Nelma; . . . that the deceased had deviated for a personal purpose and had not returned to the normal route to be used in his work; . . ."

During the week Tyrrell customarily worked at any time when he could see his customers. He was killed within his sales territory. This is sufficient to raise the presumption that he was working within the scope of his employment.

---

[1] *Grant County Service Bureau v. Industrial Comm.* (1964), 25 Wis. (2d) 579, 131 N. W. (2d) 293; *Milwaukee v. Industrial Comm.* (1963), 21 Wis. (2d) 129, 124 N. W. (2d) 112; *Indianhead Truck Lines v. Industrial Comm.* (1962), 17 Wis. (2d) 562, 117 N. W. (2d) 679; *Schuh v. Industrial Comm.* (1958), 2 Wis. (2d) 611, 87 N. W. (2d) 256; *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 99 N. W. (2d) 182.

This presumption will continue in the absence of evidence to the contrary. *Armstrong v. Industrial Comm.* (1948), 254 Wis. 174, 35 N. W. (2d) 212; *Racine County v. Industrial Comm.* (1933), 210 Wis. 315, 246 N. W. 303. The presumption is rebuttable and drops out when evidence to the contrary is presented. In *Armstrong v. Industrial Comm., supra,* this court was presented with a comparable factual situation:

"In addition to contentions based upon the facts it is contended by applicant that sec. 102.03 (1) (f), Stats. 1945, puts upon the employer the burden of proving the fact of deviation from the course of employment. It is further contended that, upon the introduction of evidence that deceased was in the service of his employer when last seen, applicant is entitled to a presumption that he continued in his employment and that he was so engaged at the time of his death.

"We do not find it necessary to discuss or determine the merits of these contentions because we conclude that, even if the burden of proof is upon the employer to show deviation, and even though the applicant is entitled to the presumption just referred to, there is evidence to support the commission's finding that decedent at the time of his accidental drowning was not performing services growing out of and incidental to his employment. It is obvious that evidence sufficient to sustain this burden is sufficient to rebut the presumption. In commenting upon the evidence it should be kept clearly in mind that the commission was not seeking a complete explanation of the circumstances of decedent's death. Had this been the objective it is probably true that such an explanation could only be arrived at by guess. The issue is whether there is substantial evidence that at the time of his death Armstrong had deviated from his employment and was *not performing* services growing out of and incidental thereto." (p. 178.)

There was no dealer located in or near Nelma. The testimony that Tyrrell intended to go to Armstrong Creek before Crystal Falls is not borne out by the record. Other

than the testimony as to his intention, there is no evidence that Tyrrell actually went to Armstrong Creek. There is no evidence which would warrant an inference to that effect.

The examiners' findings are silent as to whether Tyrrell went to Armstrong Creek. The trial court, in its memorandum opinion, determined that Tyrrell did not go there. The court said, however, that even if he had gone there, there would have been a deviation of at least nine miles. Tyrrell would have been traveling west toward Nelma rather than north to Iron River.

The statement in *Hansen v. Industrial Comm.* (1951), 258 Wis. 623, 625, 46 N. W. (2d) 754:

"It would seem to follow that if all that can be learned about the injury from the circumstances and from the testimony of individuals *would leave the matter within the realm of speculation, then he must be deemed to be within the scope of his employment.* The inference arising from the employment controls unless there is evidence which overpowers that inference. . . ." (Emphasis added.)

is not appropos. The circumstances here do "overpower that inference."

The appropriate test has been stated in *Simons v. Industrial Comm.* (1952), 262 Wis. 454, 456, 55 N. W. (2d) 358:

" 'The test is whether the servant has stepped aside from the business of his principal to accomplish an independent purpose of his own, or whether he was actuated by an intent to carry out his employment and to serve his master.' " [Case cited.]

*Simons* cited *Barragar v. Industrial Comm.* (1931), 205 Wis. 550, 238 N. W. 368:

" '. . . it is essential, by some process or other to determine whether, at the outset, the trip in question was that of the employer or that of the employee. . . . In case it is

the employer's trip and there are any detours for purely personal objectives, such detours must be separated from the main trip and the employee held to be outside the scope of his employment during such detour.' "

In respect to deviation, there must be a meaningful manifestation to engage in activities purely personal to the employee. *Simons v. Industrial Comm., supra; Armstrong v. Industrial Comm., supra.*

The factors principally overlooked by plaintiff are that the extent of deviation—be it walking a short distance, *Armstrong v. Industrial Comm., supra,* or a six-mile claimed deviation, *Racine County v. Industrial Comm., supra*—is not alone controlling. Deviation may be slight in terms of the length of time involved or distance traveled, but if the conduct of the employee is in furtherance of his own purposes and without the scope of his employment, the employer is not liable. Further, and most important, if there is a deviation the employee must return to his course of employment—the most reasonably direct route for traveling salesmen—at the time of the injury in order that recovery may be had. *Employers Mut. Liability Ins. Co. v. Industrial Comm.* (1939), 230 Wis. 670, 284 N. W. 548. Under any view of the evidence Tyrrell had not reached the route which had any bearing on his course of employment. Whether he had left Crystal Falls or Armstrong Creek it does not matter, for either highway leading to Iron River is more direct and a better road for travel. There is no evidence to show any purpose of his employer to be in or about Nelma. There is no evidence to show a trip with concurrent purposes, as in *James v. Industrial Comm.* (1962), 18 Wis. (2d) 239, 118 N. W. (2d) 185.

In *Continental Casualty Co. v. Industrial Comm.* (1965), 26 Wis. (2d) 470, 132 N. W. (2d) 584, the majority of this court was of the opinion that, under the facts presented, a corporate officer was an employee of the corporation

in which he was a major shareholder, that his trip was predominantly for business purposes, and the purpose of the hunting trip, of which he was a party, was incidental to the main purpose of the trip. Recovery was allowed. The minority of the court viewed the facts as indicating a trip with two purposes, which purposes were not concurrent, citing *James v. Industrial Comm., supra.*

The entire court was in agreement as to the rule that where the employment formed no part of the trip, if the journey would have proceeded in the absence of any business errand, the person is acting without the scope of his employment. The division of the court was over what inferences the facts would support.

In the instant case it is clear that under either view expressed in the *Continental Casualty Co. Case, supra,* Tyrrell was not acting within the scope of his employment because the predominant purpose of his journey to Nelma was not business orientated.

The finding of the commission, as confirmed by the circuit court, to the effect that Tyrrell had deviated for a personal purpose and had not returned to his normal route, is supported by the credible evidence and reasonable inference to be drawn therefrom. The ultimate conclusion that Tyrrell was not fatally injured in the course of and incidental to his employment, and that the accident causing his injury did not arise out of his employment, must be upheld.

*By the Court.*—Judgment affirmed.