GILLESPIE, Presiding Justice.
This case originated in the Workmen’s Compensation Commission where death benefits were denied the widow of Edward Knight, a motel manager whose death was held not to have arisen out of or in the course of his employment. On appeal by the claimant to the Circuit Court of Benton County, the order of the Commission was reversed and compensation benefits were awarded.
The question is whether the order of the Commission is supported by substantial evidence, or whether the undisputed evidence entitles claimant to compensation benefits.
The deceased, as manager of a Holiday Inn Motel at Tupelo, was on duty at all times. His duties included attending conventions to which the travel expenses were .paid by his employer. During the week preceding his death, the deceased, along with his wife, had attended a Holiday Inn National Convention in Memphis, Tennessee, at the conclusion of which the Knights left to return to Tupelo. Since no directions were specified by his employer as to the route to be taken while going to and returning from conventions, the deceased was allowed to choose the route he desired. The most direct route from Memphis to Tupelo is Highway 78, although a longer, alternate route is Highway 72 to Corinth and from thence Highway 45 to Tupelo. Knight traveled on Highway 78 to Holly Springs where he spent the night with Mrs. Knight’s parents. The Knights left Holly Springs the next day to drive to Corinth for a visit with their grandchild and then to proceed to Tupelo on Highway 45. Knight traveled from Holly Springs along Highway 7 to its intersection with Highway 72 where the fatal accident occurred. The relative positions of the cities, towns and highways mentioned herein are shown on the diagram below.

*181

*182 The testimony showed that the stockholders of Knight’s employer owned a lot in Corinth upon which a motel was to be built in the future and upon which a business sign was being maintained. Knight planned to check this sign while in Corinth. The proof showed that the primary reason for returning to Tupelo by way of Corinth was to visit Knight’s grandchild; on the other hand, he would not have been on the trip but for the Holiday Inn National Convention in Memphis.
This Court is firmly committed to the rule that the Commission will not be reversed if its order is supported by substantial evidence. Having stated the undisputed facts upon which we reach our opinion, this Court holds that these facts show that Knight’s death is compensable.
In Dunn, Mississippi Workmen’s Compensation, Section 170 (2d ed. 1967), it is said in part:
Generally, as at common law, an employee is said to be in the course of employment when the incident occurs at a place where he reasonably may be in the performance of his duties and at a time when he is fulfilling those duties or is engaged in something incidental thereto in furtherance of the employer’s business. * * *
Ibid. Section 172 is in part as follows:
As above noted, the elements of time and place are of controlling significance in the determination of the course of employment issue. The ultimate question, upon which these elements are material, is whether the injury results from a risk to which the employee is exposed by reason of his employment. * * *
It is significant that the employer paid all of Knight’s travel expenses for such business trips, but that fact is not necessarily controlling. “Thus, it is held that where the trip is solely for the pleasure of the employee, it is not brought within the area of risk imposed upon the employer, merely because the transportation is furnished by the employer.” (Dunn, Mississippi Workmen’s Compensation, § 176 at 236).
This Court discussed the dual purpose doctrine in Durr’s Dependents v. Schlumberger Oil Well Surveying Corp., 227 Miss. 606, 86 So.2d 507 (1956), wherein it is stated:
All of these widely-assorted (dual purpose) problems can best be solved by the application of a lucid formula stated by Judge Cardozo in Marks [Dependents] v. Gray [251 N.Y. 90, 167 N.E. 181]—a formula which, when rightly understood and applied, has never yet been improved upon. Judge Cardozo said: “A servant in New York informs his master that he is going to spend a holiday in Philadelphia, or perhaps at a distant place, at San Francisco or at Paris. The master asks him while he is there to visit a delinquent debtor and demand payment of a debt. The trip to Philadelphia, the journey to San Francisco or to Paris, is not a part of the employment. A different question would arise if peformance of the service were to occasion a detour, and in the course of such detour the injuries were suffered. * * *
“We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would been made though the private errand had been canceled. * * * ”
The test in brief is this: If the wofk of the employee creates a necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward *183 though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.” Larson’s Workmen’s Compensation Law, Vol. 1, § 18.12, page 241. (227 Miss. at 614, 86 So.2d at 509).
In applying the foregoing authority to the present case the solution must be ascertained by considering the entire trip from Tupelo to Memphis and the return— not by limiting consideration to that fractional part of the trip from Holly Springs to Corinth. When viewed as a whole, we conclude that because the trip to Memphis and the return to Tupelo was primarily a business trip, Knight’s decision to return by way of Corinth to see his grandchild was merely incidental to the business purpose of the trip. Considered in isolation, the Corinth stopover while returning to Tupelo was primarily personal to Knight; but when considered in relation to the whole trip that originated in Tupelo and would have ended in Tupelo had Knight not been killed, the personal mission is incidental only. As stated in Dunn, Mississippi Workmen’s Compensation, Section 183 at page 246, “If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own.” We have taken into consideration the fact that Knight, being the manager of the motel, was a full-time employee and, thus, was on duty at all times. He traveled when he deemed it necessary and chose the routes by which he would travel. The deceased’s duties further included the checking of business signs, as he would have done at Corinth. If he had not been returning from a business trip, the checking of a sign at Corinth alone could not be said to have created the necessity for travel to Corinth. As he traveled from Holly Springs towards Corinth, until he met his death at the intersection of Highway 7 and Highway 72, Knight was on two missions — returning to Tupelo from the business trip and going to see his grandchild. But for the business in Memphis which created the necessity for travel, he would not have incurred the risk that resulted in his death.
In Durr’s Dependents, supra, it was recognized that an individual is on a dual purpose trip where the business creates the necessity for travel; however, a different question would arise if a personal mission were to occasion a detour (deviation) in the course of which the injuries were suffered. A departure from the course of employment for a reason personal to the employee and disconnected from his employment constitutes a deviation. Dunn, Mississippi Workmen’s Compensation, § 171. This presents the Court the question of whether in traveling from Holly Springs to Tupelo by way of Corinth instead of going directly to Tupelo on Highway 78 is a deviation which would remove Knight from the course of his employment.
In our opinion there is a difference between a deviation for a personal mission disconnected from the employee’s employment and the selection by a traveling employee of an alternate route longer than the most direct route. It cannot be said that when traveling the alternate route from Holly Springs to Tupelo by way of Corinth that such travel was disconnected fr'om Knight’s employment, for Knight was returning to Tupelo from the Holiday Inn National Convention. There would be a deviation if Knight on a personal mission had gone from Holly Springs on Highway 7 to its intersection with Highway 72, or some other place,' thence back to Holly Springs, with the intention of then resuming his return to Tupelo. The official map shows the distance from Holly Springs to Tupelo on Highway 78 is 59 miles, and the distance by way of Corinth is 106 miles; so Knight would have traveled an additional 47 miles by returning through Corinth. If the Court were to hold that Knight was not in the course of his employment while *184 traveling by way of Corinth, the protection of the Workmen’s Compensation Act would be afforded for only part of the distance traveled on a business trip. In our opinion the applicable law applied to the undisputed facts of the instant case makes the death of Knight, compensable.
Appellants assign as error the allowance by the circuit court ..of an-award in the lump sum of $12,500. Undoubtedly, the court intended to award the statutory benefits limited to $12,500. The award must be administered by the Commission where the correct amounts and benefits will be determined upon remand.
The judgment of- the circuit court is affirmed and the Cause remanded to the Commission for administering the award.
Affirmed and remanded.
ETHRIDGE, G. J., and RODGERS and INZER, JJ„ .concur.
JONES, BRADY, PATTERSON and ROBERTSON, JJ., dissent.
SMITH, J. took no-part.