770 So.2d 994 (2000)
FINANCIAL INSTITUTE INSURANCE SERVICE and PCA Property and Casualty Insurance Company, Appellants,
v.
Teresa HOY, Appellee.
No. 1999-WC-01647-COA.
Court of Appeals of Mississippi.
September 12, 2000.
*996 Michael D. Young, Attorney for Appellants.
R. Jack Brantley Jr., Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
BRIDGES, J., for the Court:
¶ 1. This is a workers' compensation case on appeal from an order by an administrative law judge on April 1, 1998. The administrative law judge found that Teresa Hoy had sustained an injury within the scope and course of her employment with Financial Institute Insurance Service (hereinafter called FIIS). FIIS filed a petition of review to the full Commission, which entered an order affirming the decision of the administrative law judge on October 12, 1998. FIIS then filed an appeal with the Circuit Court of the First Judicial District of Harrison County, Mississippi and that court entered an order affirming the full Commission's decision on August 30, 1999.
I. THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION ERRED AS A MATTER OF LAW IN CONCLUDING THAT AN EMPLOYEE WHO FALLS IN HER HOTEL ROOM AFTER GETTING UP IN THE MIDDLE OF THE NIGHT TO GO TO THE BATHROOM HAS SUSTAINED AN INJURY WHICH ARISES OUT OF AND IN THE COURSE AND SCOPE OF THE CLAIMANT'S EMPLOYMENT.
II. THE CLAIMANT WAS AN OFFICER OF A CORPORATION WHO VOLUNTARILY EXEMPTED HERSELF FROM COVERAGE UNDER THE MISSISSIPPI WORKERS' COMPENSATION ACT PURSUANT TO MISS.CODE ANN. § 71-3-79 (Rev. 1999).
¶ 2. Finding no error on the part of the Commission or lower court, we affirm.

FACTS
¶ 3. Hoy was hired by FIIS on or about June 1, 1995. Her duties there included selling forced placed insurance in the state of Mississippi which would often cause her *997 to spend nights in a hotel away from home. When the incident at issue occurred, Hoy was visiting clients on the Mississippi Coast, delivering paperwork in accordance with her job. Upon completion of this work at around 5:45 p.m., on March 29, 1996, Hoy elected to stay the night in Gulfport, Mississippi to avoid a five to six hour drive home that night to Carthage, Mississippi.
¶ 4. Hoy had dinner at a restaurant that evening, stopped at an outlet mall and finally retired to her hotel room around 9:00 p.m. At about 2:00 or 2:30 a.m., Hoy got out of bed to use the bathroom when she slipped and fell on wet carpet, sustaining injuries. The administrative law judge and the lower court determined that, because she was staying the night in Gulfport following the duties of her job, Hoy had sustained these injuries within the course and scope of her employment with FIIS. FIIS, however, argues that this was strictly a personal activity, not within the scope of her employment.
¶ 5. Another very important set of facts in this case are that, subsequent to Hoy being hired by FIIS, she was elected as assistant executive secretary of the company, thereby making her an officer. Hoy asserts that she was never notified that she had received this position until FIIS forced her to sign a waiver or Certificate of Exemption of Coverage Under Workers' Compensation Law on October 5, 1995. Hoy maintains that she was told to sign this waiver or she would lose her job. FIIS argues, however, that Hoy voluntarily signed the waiver without coercion. FIIS asserts that because of Hoy's signature on this waiver, she is not entitled to workers' compensation benefits at the outset, notwithstanding the fact that her injury took place outside the scope of her employment.

STANDARD OF REVIEW
¶ 6. The full Commission acts as the "ultimate finder of fact," and as such "its findings are subject to normal, deferential standards upon review." Natchez Equip. Co., Inc. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). We are to presume that the Commission made proper determinations as to which evidence was credible, had weight, and which was not. Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1297 (Miss.1990). Findings of fact made by the full Commission are binding on this Court provided they are "supported by substantial evidence." Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). We will only reverse the Commission's decision when the decision is erroneous and contrary to the weight of the evidence. Id. Under the substantial evidence rule, we are further bound from rendering a different decision than that reached by the full Commission even though the evidence presented may lead us to conclude otherwise had we been sitting as the ultimate finder of fact. Barnes v. Jones Lumber Co., 637 So.2d 867, 869 (Miss.1994). "Substantial evidence, though not easily defined, means something more than just a `mere scintilla' of evidence, [yet] it does not rise to the level of a `preponderance of the evidence.'" Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991) (citations omitted). Substantial evidence can further be said to be evidence "affording a substantial basis of fact from which the fact in issue can be reasonably inferred." Id. We apply the de novo standard of review to matters of law. Spann v. Wal-Mart Stores, Inc., 700 So.2d 308 (¶ 12) (Miss.1997). This Court is reminded that workers' compensation law is to be liberally and broadly construed, resolving doubtful cases in favor of compensation so that the beneficial purposes of the act may be accomplished. Marshall Durbin Cos. v. Warren, 633 So.2d 1006, 1010 (Miss.1994). See also Miller Transporters, Inc. v. Guthrie, 554 So.2d 917, 919 (Miss.1989).

LEGAL ANALYSIS

I. THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION *998 ERRED AS A MATTER OF LAW IN CONCLUDING THAT AN EMPLOYEE WHO FALLS IN HER HOTEL ROOM AFTER GETTING UP IN THE MIDDLE OF THE NIGHT TO GO TO THE BATHROOM HAS SUSTAINED AN INJURY WHICH ARISES OUT OF AND IN THE COURSE AND SCOPE OF THE CLAIMANT'S EMPLOYMENT.
¶ 7. The parties here battle over the issue of whether Hoy's injury took place during a purely personal activity or whether it happened within the scope and course of her employment with FIIS. Both parties have backed their position with case law, some of which we find to be misplaced and some of which is, in our opinion, relevant to the case at bar. We begin our discussion by analyzing both parties' positions as to the law, keeping in mind that our ultimate task is to comply with the appropriate standard of review, which includes determining whether the Commission's decision in this case was supported by substantial evidence.
¶ 8. FIIS argues that the act of using the bathroom is a purely personal activity and cites error on the part of the Commission and the lower court in finding that Hoy's injuries were within the scope of her employment. FIIS cites Breland and Whitten v. Breland, 243 Miss. 620, 139 So.2d 365 (1962). In this case, it is noted that "if the activity is purely personal and is disconnected from employment, the deviation suspends the employment relationship." Id. at 367. While we do not doubt that Hoy was performing a personal activity, we cannot say that this personal activity was not connected to her employment with FIIS. Application of the Breland case is misplaced here.
¶ 9. First we look to the law that speaks to traveling employees, such as we have here. Smith and Johnson, Inc. v. Eubanks, 374 So.2d 235 (Miss.1979), tells us that when the business or work of an employee necessitates travel, then the employee will be covered from the time that he leaves home until such time as he returns home. Id. at 237 (citing Bryan Bros. Packing Co. v. Dependents of Murrah, 234 Miss. 494, 106 So.2d 675 (1958)). As pointed out by Hoy, sleeping and eating meals while traveling are included in this coverage. Smith and Johnson, 374 So.2d at 238. Smith and Johnson further tells us that as long as the injury "results from a risk which is inherent in the nature of the employment, or which is reasonably incidental thereto ...," the employee will be covered. Id. at 238.
¶ 10. Further, we look to Dependents of Durr v. Schlumberger Oil Well Surveying Corp., 227 Miss. 606, 86 So.2d 507 (1956). That case clears up any doubt as to the law regarding traveling for employment business as opposed to personal business. Id. at 509. Specifically, the court stated:
We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been [canceled].
* * *
The test in brief is this: If the work of the employee creates a necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own.
* * *
If however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.
Id. at 509 (citing LARSON'S WORKMEN'S COMPENSATION LAW, Sec. 18.12.).
Smith and Johnson goes further to inform us that:

*999 [W]hen a traveling man slips in the street or is struck by an automobile between his hotel and a restaurant, the injury has been held compensable, even though the accident occurred on a Sunday evening, or involved an extended trip occasioned by employee's wish to eat at a particular restaurant.
Smith and Johnson, 374 So.2d at 238.
¶ 11. When applying this law to the case at bar, we find that Hoy's work necessitated her travel in this instance. As stipulated by FIIS, Hoy's work regularly required her to travel. We note that had her business not required her to be on the Mississippi Coast that day and had it not required her to be very late getting back to her home which was five to six hours away, then we would be dealing with a very different case than we have before us today. However, Hoy had no other reason to be on the Coast other than the fact that her business took her there. Further, though she may have engaged in some activity which was private in nature, i.e., eating dinner, shopping at a nearby mall, sleeping in a nearby hotel, the ultimate necessity for her journey was to do business for FIIS, which, as Durr tells us, makes these activities covered within the scope of her employment. Durr, 86 So.2d at 509. The facts of this case fit directly into the type of situation discussed in Durr and Smith and Johnson.
¶ 12. While we take note of FIIS's argument that Breland is very similar in its facts to our case at bar, we cannot ignore the test set out by the above cases specifically addressing the standard for traveling employees. FIIS argues, however, that the above cases ultimately address auto accidents and the like. While we do not disagree with this point, FIIS is inherently focused on the deed or activity rather than what the standard requires us to seek out, i.e., the entire trip and purpose of that trip. "The activity of a traveling salesman is not to be lifted from the perimeters of his employer's mission and viewed `in isolation' but must be viewed in its context `as a Whole.'" E and M Management, Inc. v. Knight, 231 So.2d 179, 183 (Miss.1970). Stated another way, we must not limit our consideration to a fractional part of the trip taken by Hoy, such as using the bathroom. Rather, we must look to the entire trip as a whole with all fractional parts included. Id. When viewing the trip taken by Hoy as a whole, it is our opinion that, because the trip was taken for business purposes, Hoy's injury sustained in her hotel room is a compensable injury. The fact that Hoy ate dinner, went shopping at a local mall, slept in a hotel, went to the bathroom and slipped and fell on the wet carpet of the hotel room do not turn this trip into one of private and personal business, but are activities incidental to this trip which was taken only for employment purposes. See id. But for the business on the Coast, which created the necessity for travel, Hoy would not have incurred the risk that resulted in her injury. See id.
¶ 13. FIIS argues further that it did not furnish nor recommend the hotel room stay for Hoy on this particular occasion. However, we take note of the stipulated fact that upon the submission of vouchers by Hoy to FIIS, she was reimbursed for this trip without question by FIIS.
¶ 14. Further, it is our opinion that Breland is not germane to this case, as its connection to our case at bar rests on similar facts, at best. See Breland, 139 So.2d at 367. We are of the opinion that the multiple cases discussed in the previous paragraphs are more directly relevant to our case at bar as they pertain specifically to establishing compensable injuries incurred by traveling salesmen or traveling employees. Breland, in no way, purports to overrule even one of these rulings.
¶ 15. In accordance with the standard in which this Court is to review this case, the Commission's decision is presumed to be correct. Therefore, we affirm the decision of the Commission to award compensation *1000 to Hoy, as we find that it is supported by substantial evidence.

II. THE CLAIMANT WAS AN OFFICER OF A CORPORATION WHO VOLUNTARILY EXEMPTED HERSELF FROM COVERAGE UNDER THE MISSISSIPPI WORKERS' COMPENSATION ACT PURSUANT TO MISS.CODE ANN. § 71-3-79 (Rev. 1999).
¶ 16. As stated above, this Court is to presume that the Commission made a proper determination as to which evidence was more credible and carried more weight in this case. Metal Trims Indus., Inc., 562 So.2d at 1297. This Court is bound to the finding for Hoy to receive workers' compensation benefits unless the Commission's decision was not supported by substantial evidence. Vance, 641 So.2d at 1180.
¶ 17. The Commission determined that the evidence offered by Hoy regarding her waiver of coverage was, in fact, the most credible. Hoy asserted that she was threatened with her job if she did not comply in signing the waiver given to her by FIIS. The only response by FIIS to this allegation was that Hoy had signed the waiver voluntarily. FIIS gives us nothing further to support this statement. Hoy, in fact, offered that she had previously been a licensed insurance agent and was familiar with this type of waiver of coverage. We fail to see, in the absence of evidence to the contrary, how it would stand to reason that Hoy would sign this waiver of her own accord, being in full knowledge of the consequences of this action, i.e., no coverage for her injuries occurring on the job. The Commission found that Hoy made a compelling argument that FIIS had forced her to sign this waiver.
¶ 18. In addition, the Commission was convinced by Hoy that FIIS had her elected as an officer of the company simply to subject her to this exemption, thereby saving the company money on workers' compensation premiums. Once again, no evidence was presented by FIIS to rebut the same. In M.E. Badon Refrigeration Co. v. Badon, 231 Miss. 113, 95 So.2d 114, 123 (1957), we are told that the legislative intent of the Workmen's Compensation Law on corporate officers is to "broaden the coverage of the act and not to narrow it...." Hoy further asserts that she received no financial interest in the company, no decision-making authority and no notices of officer meetings pursuant to her election as assistant secretary. Therefore, Hoy urges that she was not even a duly appointed officer of the company, but rather, was an ordinary employee who was unable to waive her rights to coverage. Looking again to Badon, we find the following rules citing Larson's Workmen's Compensation Law:
Corporate officers who perform only executive functions are deemed excluded from almost all acts. But a person who can establish independently, on the basis of nature of the work done, method of payment, and subservience to the control of an employer, that he meets the tests of employment does not forfeit that status by occupying at the same time the status of corporate officer, director or stockholder.
Badon, 95 So.2d at 117 (citing LARSON'S WORKMEN'S COMPENSATION LAW, Section 54.00).
* * *
As long as an officer's or director's duties are confined to the executive functions associated with the office such as policy making, hiring and firing, negotiating of important contracts, and the like, the compensation act does not apply.
Id. at 121 (citing LARSON'S WORKMEN'S COMPENSATION LAW, Section 54.21).
¶ 19. Applying these rules to our case at bar, it has been accepted by the Commission, and we can find no evidence to support a decision otherwise, that Hoy did not perform any functions as an officer *1001 of the company, but rather, she regularly performed duties in compliance with her status as an ordinary employee. Therefore, in accordance with the rules set out in Badon, we find that Hoy did not forfeit her ability to receive coverage simply by becoming elected to an officer position within the company. Her duties within the company, as noted by the Commission, do not include hiring and firing employees, policy making or any other function normally associated with executive officer status. In this particular instance, we find that Hoy was performing her usual business duty to make an out-of-town trip in accordance with her status as an ordinary employee of the company. Therefore, as noted by the law of workmen's compensation above, Hoy should not be denied the opportunity to have coverage under the act. The Commission found, in fact, that Hoy was forced to sign this waiver, and we cannot say that substantial evidence clearly does not support this decision.
¶ 20. For the foregoing reasons, we affirm the decision of the Commission in finding that Hoy was an ordinary employee of FIIS, thereby making her unable to waive her rights to workers' compensation coverage pursuant to Miss.Code.Ann. § 71-3-41.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY AFFIRMING THE DECISION OF THE WORKERS' COMPENSATION COMMISSION FOR THE CONFERRAL OF BENEFITS TO TERESA HOY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
KING, P.J., IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. MOORE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., AND SOUTHWICK, P.J.
MOORE, J., dissenting:
¶ 22. I respectfully dissent because I believe Breland and Whitten v. Breland, 243 Miss. 620, 139 So.2d 365 (1962) is controlling on the issue of this case. Hoy suffered an injury while walking to the bathroom in her motel room. Breland suffered an injury when attempting to bathe in his hotel room. The Breland court stated:
[t]his Court is of the opinion it would be a strained construction to hold that a lawyer injured outside working hours and while engaged in such a personal act as bathing received his injuries out of and in the course of his employment.
Breland and Whitten v. Breland, 139 So.2d at 368.
¶ 23. The cases relied upon by the majority all involve automobile accidents and turn upon whether the particular mission or task undertaken at the time of the accident was work related. A review of traveling employee cases in Mississippi reveals that our supreme court has not held that every automobile accident involving a traveling employee has "substantial work connection" is so closely tied to an employer related task as to be compensable; rather, where an employee is on a personal mission an injury sustained is generally not compensable. See, e.g., Murphy v. Jac-See Packing Co., 208 So.2d 773, 776 (Miss.1968) (citing Bryan Bros. Packing Co. v. Dependents of Murrah, 234 Miss. 494, 500, 106 So.2d 675, 677 (1958)). Thus, the single fact that the employer caused the employee to be away from home does not, under Mississippi law, mean that the injury is work related and compensable. As the Breland court found, personal hygiene tasks performed in a hotel room during hours when a worker is not engaged in work related activities are of a personal nature and are not subject to the scope of workers' compensation coverage.
¶ 24. It could be that this application of the law reaches an inequitable or even unwise result. Courts in other states have held just this sort of injury to be compensable. *1002 See Larson, LARSON'S WORKERS COMPENSATION LAW § 25.04 (1999). See also Complete Vending Services, Inc. v. Industrial Com'n, 305 Ill. App.3d 1047, 239 Ill.Dec. 472, 714 N.E.2d 30, 34 (1999) (Rakowski, J., concurring); American Airlines v. LeFevers, 674 So.2d 940, 942 (Fla. 1st DCA 1996). However, my view is that, as a court of limited jurisdiction, we are without authority to depart from the law enunciated in Breland and Whitten v. Breland, 139 So.2d at 367-68.
McMILLIN, C.J., AND SOUTHWICK, P.J. JOIN THIS SEPARATE WRITTEN OPINION.