GRIFFIS, J.,
for the Court.
¶ 1. Dwight Eubanks appealed the decision of the Workers’ Compensation Commission denying his workers’ compensation claim. The Yazoo County Circuit Court affirmed. We find no error and affirm.
FACTS
¶ 2. Dwight Eubanks was employed by Professional Building Services though their leasing company, Staff Leasing, Inc. Eubanks was assigned to clean and wax floors at King’s Daughters Hospital, in Yazoo City, Mississippi. In June of 1998, Eubanks filed four petitions to controvert alleging that on October 20, 1997, October 28, 1997, November 6, 1997, and November 19, 1997, he sustained work-related injuries to his back and other parts of his body, including his left hip, left side, left leg, buttocks, and arms, when he slipped and fell while working at the Hospital.
¶ 3. Following the falls on October 20, 1997, and October 28, 1997, Eubanks went to the Hospital emergency room for X-rays. However, Eubanks did not seek treatment after his falls on November 6, 1997, and November 19,1997.
¶ 4. After his last fall on November 19, 1997, Eubanks was informed that the contract between Professional Building Services and Staff Leasing, Inc. was complete and that he did not have to report back to work. Eubanks then filled out an incident report. When Professional Building Services, Staff Leasing, Inc., and Liberty Mutual Insurance Company denied the compensability of the alleged injuries and refused to pay workers’ compensation benefits, Eubanks filed his four petitions to controvert.
¶ 5. At the hearing, Eubanks’ medical records of the alleged injuries were submitted into evidence along with medical records of his prior injuries and workers’ compensation claims. Eubanks was injured while working at a bakery in May of 1989, when he apparently slipped and fell on his back. He injured his cervical and lumbar spine. For this injury, Eubanks received workers’ compensation benefits in the amount of $70,000.
¶ 6. In December of 1992, Eubanks slipped and fell while working in a warehouse. Eubanks claimed to have injured his back and left leg. He filed a workers’ compensation claim, but subsequently dismissed it.
¶ 7. In May of 1995, Eubanks filed a workers’ compensation claim as a result of back strain he encountered from lifting a wooden crane platform while working for a construction company. Eubanks received $17,000 as a result of the claim.
¶ 8. In October of 1995, Eubanks aggravated his back injury in an automobile accident. He received $2,700 from the responsible driver’s insurance company.
¶ 9. While working for Professional Building Services, Eubanks continued to complain of chronic back pain throughout 1996 and 1997. In June 1997, Eubanks visited the emergency room at the Hospital complaining of severe back pain. He told emergency room personnel that he was out of pain medication. Eubanks visited the emergency room several times from June 11, 1997, until the first slip and fall incident on October 20,1997.
¶ 10. Eubanks was treated for his various injuries by Dr. Wallace Weatherly and Dr. Padma Surapaneni. However, neither of his doctors, who treated Eubanks over a significant period of time, connected his complaints to the October or November 1997 falls at the Hospital.
¶ 11. After carefully reviewing all evidence and testimony, the administrative law judge found no medical evidence to support a claim for disability as a result of *1134 the four falls at the Hospital. The administrative law judge ordered that the employer and carrier pay the cost of the two emergency room visits but ordered that all other workers’ compensation benefits be denied. Eubanks appealed to the Workers’ Compensation Commission. Following oral arguments and review of the record, the Commission affirmed the administrative law judge’s decision. Eu-banks then appealed to the Yazoo County Circuit Court, and the court affirmed the Commission’s decision.
¶ 12. In this appeal, Eubanks claims that: (1) his injuries arose out of and in the course of employment with Staff Leasing, Inc., and that (2) his original back injury was aggravated by the slip and falls to produce disability.
STANDARD OF REVIEW
¶ 13. The Workers’ Compensation Commission acts as the ultimate finder of fact. Financial Institute Ins. v. Hoy, 770 So.2d 994, 997(¶ 6) (Miss.Ct.App.2000). Findings of fact made by the Commission are binding on this Court provided they are supported by substantial evidence. Id. This Court will only reverse the Commission’s decision when the decision is erroneous and contrary to the overwhelming weight of the evidence. Id.
ANALYSIS
I. Did Eubanks’ injuñes arise out of and in the course of his employment with Staff Leasing, Inc. ?
¶ 14. Eubanks contends that his injuries arose out of and in the course of employment with Staff Leasing, Inc. Eu-banks claims the administrative law judge failed to consider the record as a whole and gave little or no recognition to the four falls and two emergency room visits as well as the later visits to the Veteran’s Administration, hospital for injuries. The administrative law judge specifically held that the employer and carrier were responsible for the cost of the two emergency room visits at issue. The record also reveals that the V.A.’s medical records, subsequent to the four slip and falls, were taken into evidence and considered by the administrative law judge. The administrative law judge and, more importantly, the Commission found that Eubanks’ injuries did not arise out of and in the course of his employment with Staff Leasing, Inc.
¶ 15. In Moms v. Lansdell’s Frame Company, 547 So.2d 782, 785 (Miss.1989), the court defined substantial evidence as that evidence which is not contradicted by positive testimony or circumstances and is not otherwise unreliable or untrustworthy. In this case, the Commission found there was no medical evidence to support a claim for disability, either temporary or total, as a result of Eubanks’ four slip and falls at the Hospital, nor was there any testimony to connect Eubanks’ alleged injuries to the falls at the Hospital. Dr. Weatherly, one of Eubanks’ primary physicians, testified that Eubanks’ complaints were the same as his complaints made in 1995 when Dr. Weatherly first treated him. Dr. Weath-erly even went so far to testify that he thought Eubanks was malingering.
¶ 16. The Commission is the finder of fact and determines the weight and credibility to be accorded the evidence. City of Laurel v. Blackledge, 755 So.2d 573, 576(¶ 20) (Miss.Ct.App.2000). After reviewing and considering Eubanks’ testimony and medical records, the Commission did not find Eubanks’ story to be credible. Upon review, we find there was substantial evidence to support the Commission’s decision. Thus, we find no error.
II. Was Eubanks’ original back injury aggravated by the slip and falls?
*1135 ¶ 17. Eubanks next argues that his original back injury was aggravated by the slip and falls. Eubanks asserts that “when the original injury is aggravated or lighted by the activity associated with a later employment to produce disability, the general rule, in absence of statute is that the last employer or carrier is exclusively liable.” Vardaman S. Dunn, Mississippi Workmen’s Compensation § 188 (3d Ed.1990). Eubanks’ reliance on this principle is misplaced.
¶ 18. Eubanks’ slip and falls at the Hospital were in October and November 1997. Four months earlier on June 27, 1997, Eubanks sought treatment at the Hospital’s emergency room for severe back pain, and he stated that he was out of pain medication given to him by the V.A. Hospital. The record clearly evidenced that Eubanks’ back injuries were significant enough to visit the emergency room before the slip and falls occurred at the Hospital.
¶ 19. On December 1, 1997, after all four of his slip and falls had occurred, Eubanks went to the Hospital’s emergency room complaining of pain and swelling in his left knee. At that time, Eubanks did not mention anything about a back injury. It was not until almost one year later in October of 1998 that Eubanks saw Dr. Weatherly and complained of an on-the-job injury at the Hospital.
¶ 20. Eubanks further claimed that he had a history of injuries, particularly to his back, and that he recovered from those injuries sufficiently to enable him to maintain gainful employment. He contends that he maintained gainful employment with Staff Leasing, Inc. and was disabled by the four slip and falls. The Mississippi Supreme Court has stated that when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, then the resulting disability is compensable. Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 594, 115 So.2d 674 (1959). However, the court then stated a corollary to that rule which is applicable to this case. The court held that, “when the affects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable.” Id. Eubanks admitted that he recovered from his pre-existing back injuries sufficiently to enable him to maintain gainful employment. Consequently, any subsequent disability Eubanks now claims is not compensable.
¶ 21. Upon review, we find that the slip and falls which occurred in October and November 1997 at King’s Daughters Hospital did not aggravate Eubanks’ injuries to produce disability. Therefore, we find no error and affirm.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.