930 So.2d 1270 (2006)
Ivory JONES, Appellant
v.
SOUTHERN HEALTHCARE AGENCY and Villanova Insurance Company, in Liquidation (Mississippi Insurance Guaranty Association), Appellees.
No. 2004-WC-01675-COA.
Court of Appeals of Mississippi.
January 3, 2006.
Rehearing Denied June 6, 2006.
*1271 Al Chadick, attorney for appellant.
Harris Frederick Powers, Robert S. Upshaw, Greenwood, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. Ivory Jones appeals the decision of the Mississippi Workers' Compensation Commission, which denied her workers' compensation claim. The Commission determined that Jones failed to to prove by a preponderance of the evidence that she sustained an injury during the course and scope of her employment with Southern Healthcare Agency. The Circuit Court of Madison County affirmed the Commission's finding. Jones appeals to this Court and argues that the Commission's finding was not supported by substantial evidence. We find no error and affirm.

FACTS
¶ 2. From 1993 through 2001, Ivory Jones was employed by Southern Healthcare as a certified nurses assistant. Her employment ended on December 3, 2001.
¶ 3. On December 11, 2001, Jones telephoned her physician, Dr. Earl Fyke, and complained of hip pain from arthritis. She was given instructions to take Advil as needed. On December 17th, Jones saw Dr. Fyke because of pain in her right hip and was given Vioxx. On December 19th, Jones telephoned Dr. Fyke's office and complained of continued hip pain. She was given instructions to increase her Vioxx dose, and Dr. Fyke's office called in a prescription for Darvocet. Jones did not report to Dr. Fyke, at any time in December of 2001, that she was injured.
¶ 4. On December 26, 2001, Jones was treated at the St. Dominic's emergency room. She complained of moderate pain in her right hip. The emergency physician record and the emergency department patient care notes, of her visit to the St. Dominic's emergency room, state that she had no known injury.
¶ 5. On January 2, 2002, Jones was treated at the Mississippi Baptist Medical Center's emergency room. Her medical records of this visit indicate that she had right hip and back pain that began three weeks before, was gradual in onset and continuous in nature. Again, the medical records indicated that she reported no injury.
¶ 6. Jones next visited Dr. Fyke on February 25, 2002. During this visit, she complained of back pain. Dr. Fyke took x-rays. His primary finding was that there was facet joint arthritis throughout the lower back and hips. Also, during this visit, Jones did not inform Dr. Fyke that she suffered an injury which precipitated the pain. Thereafter, Dr. Fyke's records show that Jones requested, on March 7, 2002, Lorcet Plus for her back pain and was given a prescription. On March 15, 2002, Jones was informed of the results of her bone scan and x-rays, Dr. Fyke's records indicate that she was also given a prescription for Darvocet on this date.
¶ 7. On March 28, 2002, Jones filed her petition to controvert with the Mississippi Workers' Compensation Commission. She alleged that she was injured in November of 2001. No specific date was provided.
¶ 8. On May 21, 2002, Jones' deposition was taken. Thereafter, on June 28, 2002, Jones visited Dr. Fyke once again. The record of the June 28th visit indicated that Jones "emphasized to me [Dr. Fyke] the fact that she was injured while working for a group that provides personnel to nursing homes, hospitals, etc." The note further details Jones' account of her injury. This was the first indication that Jones reported to Dr. Fyke that an injury precipitated her pain.
*1272 ¶ 9. This matter was heard on February 3, 2003, before an administrative law judge. On March 18, 2003, the administrative judge entered her opinion that denied workers compensation benefits to Jones. Both the Full Commission and the Madison County Circuit Court affirmed her decision.

STANDARD OF REVIEW
¶ 10. It is well settled that the Commission is the ultimate finder of fact, and we must defer to its findings when they are supported by substantial evidence. Financial Institute Ins. Service v. Hoy, 770 So.2d 994, 997(¶ 6) (Miss.Ct.App. 2000). To reverse the Commission's decision, we must conclude that the "decision is erroneous and contrary to the weight of the evidence." Id. "Substantial evidence, though not easily defined, means something more than just a `mere scintilla' of evidence, [yet] it does not rise to the level of a `preponderance of the evidence.' Substantial evidence can further be said to be evidence `affording a substantial basis of fact from which the fact in issue can be reasonably inferred'." Id. (quoting Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991))(other citations omitted).

ANALYSIS
¶ 11. The only issue of this appeal whether there is substantial evidence to support the Commission's finding that Jones failed to prove a causal connection between her condition and her employment. Accordingly, our function is to determine whether there is substantial credible evidence to support the Commission's factual determination. South Central Bell Telephone Co. v. Aden, 474 So.2d 584, 589 (Miss.1985).
¶ 12. The administrative judge found that at the time of the alleged accident Jones was assigned to care for an Alzheimer's patient, residing at St. Catherine's Village. Jones testified that the accident occurred while she was reaching out for her patient. After the accident, she continued to assist the patient and told no one at St. Catherine's about the accident.
¶ 13. The evidence presented contained numerous instances of inconsistent testimony by Jones. Jones indicated that the following morning someone with Southern Healthcare called and told her not to go back to care for Dr. Parker because she could not do the things for him that he needed. Jones testified that she did not report her injury, rather they told her she could not lift him. She stated that when she was called about another job, she reported the accident although she does not recall who she spoke with.
¶ 14. The testimony of Southern Healthcare employees indicate that Jones never reported an injury. Five Southern Healthcare employees, including Jones' supervisor, testified that Jones never reported any accident or injury. In addition, the Southern Healthcare employees testified that Jones declined assignments because she was "down on her back," but never mentioned hurting her back. They claim that they first became aware of her claim when they received the petition to controvert.
¶ 15. The medical testimony indicated that Dr. Fyke first treated Jones on September 4, 1997, more than four years prior to the alleged injury. Jones provided a medical history of arthritis. According to the medical records, she had a history of low back pain and pain in the right hip and pelvis, which caused her difficulty lifting during her 1997 visit with Dr. Fyke. Jones' petition did not allege that the injury aggravated a preexisting condition. In fact, Jones testified that she had not been treated previously for back or hip pain but only for arthritis.
¶ 16. The administrative judge concluded that Jones failed to prove by a preponderance *1273 of the evidence that she sustained an injury during the course and scope of her employment with Southern Healthcare, which resulted in any injury or disability. Further, the judge found the testimony presented by Southern Healthcare to be more persuasive than that of Jones.
¶ 17. The Commission adopted the administrative judge's opinion and evaluation of the evidence. The determinations of the Commission enjoy the presumption that it made proper determinations as to the weight and credibility of the evidence and its findings of fact are binding on this Court. Fought v. Stuart C. Irby, Co. 523 So.2d 314, 317 (Miss.1988). We agree. Therefore, we affirm the finding of the Mississippi Workers' Compensation Commission.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.