CHANDLER, J.,
concurring in part and in the result.
¶ 27. I concur with the majority’s resolution of the issues in this case. In particular, I agree that the Commission properly found that Dr. Bouldin was not a traveling *899 employee. I write separately to express my concern about the majority’s conclusion that even if Dr. Bouldin was a traveling employee, her injury would not be compen-sable. Because the majority’s holding rests upon its finding that Dr. Bouldin was not a traveling employee, this conclusion is dicta. Nonetheless, I address what I believe to be an inaccurate statement of the law applicable to traveling employees.
¶ 28. The majority states that “under both the general and ‘traveling employee’ rule, if the employee engages in a personal activity or errand that constitutes an abandonment from the employer’s business, an injury occurring during the abandonment is not compensable.” The majority finds that, even if Dr. Bouldin was a traveling employee, her departure from the clinic’s premises during her unpaid lunch break was an abandonment of the employer’s business. I believe that this finding contravenes the law applicable to traveling employees. Traveling employees are considered to be within the course of employment for the duration of the trip absent a deviation equivalent to an abandonment of employment. Estate of Brown ex rel. Brown v. Pearl River Valley Opportunity, Inc., 627 So.2d 308, 311 (Miss.1993); Bryan Bros. Packing Co. v. Dependents of Murrah, 234 Miss. 494, 500, 106 So.2d 675, 677 (1958). It is well established for traveling employees that injuries incurred during breaks to stop and eat or while the employee is traveling to or from an eating establishment are compensable because they are risks reasonably incidental to the job of a traveling employee. Smith & Johnson, Inc. v. Eubanks, 374 So.2d 235, 237-38 (Miss.1979); Retail Credit Co. v. Coleman, 227 Miss. 791, 799, 86 So.2d 666, 669-70 (1956); Fin. Inst. Ins. Serv. v. Hoy, 770 So.2d 994, 999(¶ 11) (Miss.Ct.App. 2000). Thus, if Dr. Bouldin was deemed a traveling employee, her departure from the hospital for lunch would not have constituted a personal errand equivalent to an abandonment of employment. And, Dr. Bouldin’s use of her whole lunch break for a brief walk around the town would not necessarily have amounted to an abandonment of employment because a traveling employee’s entire business trip is to be viewed “as a whole with all fractional parts included.” Fin. Inst. Ins. Serv., 770 So.2d at 999(¶ 12). For these reasons, I respectfully concur in part and in the result.
ROBERTS, J., JOINS THIS OPINION.