CARLTON, J.,
for the Court:
¶ 1. Matthew Ladner appeals the Harrison County Circuit Court’s decision affirming the Workers’ Compensation Commission’s (Commission) order denying Ladner workers’ compensation benefits. Finding no error, we affirm the judgment.
FACTS
¶2. Ladner had performed work as a scaffold builder for Zachry Construction since 2001.[1] In addition to working as a scaffold builder, Ladner performed other tasks, including jet riding, which required him to wear a large protective suit and drain chemicals. Ladner testified that while tearing down scaffolding on Decem *1123 ber 27, 2006, he felt something pop in his back and immediately fell to the ground. Ladner stated that he reported this accident to his supervisor, and Ladner remained in the safety/first-aid trailer for the rest of the day.
¶ 3. Ladner testified that he missed a couple of days of work following his injury. Ladner stated that upon returning to work, his symptoms progressively worsened, and he informed his safety director, Frank Young, that he needed to see a doctor. Ladner testified that after two or three weeks of sitting in the safety trailer during work, he eventually saw Dr. Kevin Cooper on January 31, 2007. Dr. Cooper referred Ladner to Dr. Lee Kesterton, a neurosurgeon. Dr. Kesterton treated Ladner until Ladner reached maximum medical improvement (MMI) on May 20, 2008. During his treatment, Ladner continued to work, performing fight-duty tasks.
¶ 4. Ladner testified that from the date of his injury until he reached MMI, he “basically sat or lay” in the safety trailer during his work hours. However, Ladner later reneged his statement that he sat in the safety trailer all day doing nothing and admitted that he indeed performed various work duties during this time. Ladner stated he would perform “hole watch,” occasionally file, and act as a standby attendant during safety audits. Zachry Construction provided testimony that Ladner also unloaded and stacked material. Za-chry Construction asserts that Ladner failed to mention any problems performing his work and never asked to return to the doctor. Young testified that he witnessed Ladner working during this time, and as safety director, Young insisted that he would have known if Ladner had remained in the safety trailer for eight to ten hours a day.
¶ 5. Zachry Construction eventually laid off Ladner in December 2008. On August 24, 2009, Ladner filed a petition to controvert alleging that on December 27, 2006, he received a work-related injury to his back and legs. Zachry Construction admitted the injury; however, Zachry Construction stated that Ladner had filed his petition to controvert after expiration of the statute of limitations. Zachry Construction also asserted that Ladner’s pay was for work performed, and Ladner never missed any time from work as a result of his injury. Zachry Construction explained that Ladner’s pay was not in lieu of compensation for his injuries; thus no tolling of the statute of limitations occurred in this case. Zachry Construction further argued that since the statute of limitations expired before the fifing of the petition to controvert, Ladner failed to qualify for workers’ compensation benefits other than medical expenses. On December 14, 2009, Ladner filed a motion for medical treatment and payment of compensation benefits. On January 6, 2010, Zachry Construction filed a motion to dismiss denying the compensability of the injury because the statute of limitations had expired on the matter.
¶ 6. On .March 31, 2010, the administrative judge (AJ). held a hearing to determine the following issues: (1) whether Ladner’s claim is barred by the two-year statute of limitations, and (2) if Ladner’s claim is not barred, whether Ladner is entitled to reasonable and necessary medical treatment by a physician of his choice.
¶ 7. Contrary to the Zachry Construction’s position, on July 13, 2010, the AJ handed down his order concluding that Ladner had received his wages' in lieu of compensation, thereby suspending the statute of limitations. Zachry Construction appealed the order of the AJ to the Commission. On January 19, 2011, the *1124 Commission entered an order reversing the order of the AJ, finding that Ladner’s post-injury work activities were not “so little” that he did not earn his wages. The Commission determined that since Ladner had earned his wages, such wages failed to constitute “wages in lieu of compensation,” thus barring Ladner’s claim based on the statute of limitations. Ladner then appealed the Commission’s order to the Harrison County Circuit Court, which affirmed the Commission’s order. The Commission’s order referenced the testimony of Ian Devlin, a safety supervisor at Zachry Construction, and Young — who both testified on behalf of Zachry Construction — in its finding that Ladner had earned his wages and in finding that Ladner lacked credibility.
¶8. Ladner now appeals to this Court, arguing that the circuit court erred in affirming the Commission’s order reversing the AJ. Ladner asserts that the circuit court’s order was arbitrary and capricious and not supported by substantial evidence.
STANDARD OF REVIEW
¶ 9. This Court adheres to a limited standard of review when determining whether the Commission erred as a matter of law or made findings of fact contrary to the overwhelming weight of the evidence. Clements v. Welling Truck Serv., Inc., 739 So.2d 476, 478 (¶7) (Miss.Ct.App.1999) (citing Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). In a workers’ compensation case, the Commission is the trier and finder of facts. Radford v. CCA-Delta Corr. Facility, 5 So.3d 1158, 1163 (¶ 20) (Miss.Ct.App.2009). “Reversal is proper only when a Commission order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.” Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778 (¶ 6) (Miss.2003). When the Commission’s decision is supported by substantial evidence, then it must be upheld. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994).
DISCUSSION
¶ 10. Ladner argues that the Commission and circuit court erred as a matter of law and acted arbitrarily and capriciously in failing to determine that Zachry Construction’s payment of regular wages and salary to Ladner tolled the statute of limitations. Ladner claims that Zachry Construction paid Ladner his regular salary from the date of injury to the date of MMI without requiring Ladner to “earn” his wages. Ladner submits that payment of regular wages under these circumstances constitutes a “payment in lieu of indemnity benefits,” prescribed by the Worker’s Compensation Act, and is sufficient to suspend the two-year statute of limitations.
¶ 11. Mississippi Code Annotated section 71-3-35(1) (Rev.2011) of the Worker’s Compensation Act mandates that:
No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer.... Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the [Commission within two years from the date of the injux-y or death, the right to compensation therefor shall be barred.
¶ 12. Ladner sustained his work-related injury on December 27, 2006. He filed his petition to conti'overt on August 24, 2009, and his application for benefits on December 14, 2009. Although Ladner filed his petition to controvei’t after the expiration of the two-year statute of limitations, he *1125 asserts that the statute of limitations fails to apply because Zachry Construction continued to pay him his regular salary in lieu of compensation from December 27, 2006, the date of his injury, through May 20, 2008, the date of MMI. Ladner submits that this action by Zachry Construction suspended the statute of limitations just as if statutory workers’ compensation benefits had been paid.
¶ 13. The Mississippi Supreme Court has stated that wages paid to an injured worker in lieu of worker’s compensation benefits are sufficient to erase the two-year statute of limitations under section 71-3-35(1). See Brown v. F.W. Woolworth Co., 348 So.2d 236, 240 (Miss.1977). In Parchman v. Amwood Products, Inc., 988 So.2d 346, 349 (¶ 9) (Miss.2008), the supreme court held:
Unless there exists an agreement “that the wage is a gratuity in addition to workers’] compensation,” when a claimant “is paid his usual salary and does no work for a given period or does so little work that he really does not earn his wage[,]” the continued payment of the claimant’s salary “will be considered as having been in lieu of compensation.”
(Emphasis added) (quoting Vardaman S. Dunn, Mississippi Workmen’s Compensation § 45 (3d ed. 1982)).
¶ 14. In the present case, the Commission held that Ladner’s claim was barred by the two-year statute of limitations. In its order, the Commission quoted testimony from Devlin, a safety supervisor at Zachry Construction, who testified that he remembered seeing Ladner engaged in work activities outside of the safety trailer during the period in question, as well as testimony from Young, the safety director, who stated that he also saw Ladner performing work duties outside of the safety trailer during this time. The Commission also acknowledged that Ladner himself “testified that he participated in post-injury work activities during the period of time he alleges he was paid wages in lieu of compensation, including hold watch, safety audits, standby attendant duties, and other paperwork.” After hearing testimony, the Commission, quoting Parchman, 988 So.2d at 349 (¶ 9), found that Ladner’s “post-injury work activities were not ‘so little that he really [did] not earn his wage.’ ” The Commission then dismissed Ladner’s claim, determining that “based on the evidence as a whole, including the testimony outlined above, ... [Ladner] was not paid wages in lieu of compensation by [Zachry Construction] for this injury.”
¶ 15. Ladner disputes the Commission’s findings and decision, claiming that from the date of injury to the date of MMI, he arrived to work each day, where he remained in the safety trailer watching television the majority of his time on the job. Ladner states that during the other “five percent of the time” that he did not spend in the trailer, he spent his time “hole watching,” occasionally performing filing duties, and acting as a standby attendant during safety audits. Ladner cites to Parchman, 988 So.2d at 349 (¶ 9), and insists that he failed to earn wages during this time, claiming that Zachry Construction’s payment of his salary constituted wages in lieu of compensation.
¶ 16. Unlike the present case, we recognize that the claimant in Parchman missed work for approximately five months, yet continued to receive his salary. Id. at 350 (¶ 12). In Parchman, the supreme court found that there was:
clear evidence that Parchman did not continue to “earn” his full wages. It is an erroneous conclusion that Parchman was still performing the essential functions of his job and therefore continued to “earn” his full salary when he was absent from work for three weeks in *1126 February, five weeks in April-May 2002, and for the [three months] that he missed in the summer of 2002.

Id.

¶ 17. Here, we find nothing in the record to show that Ladner’s physicians restricted him from working during the period of time in question. Additionally, Zaehry Construction insists that it did not pay Ladner his wages in recognition of a compensable disability, but rather in return for work he performed. See Lindsay Logging Inc. v. Watson, 44 So.3d 388, 396 (¶ 29) (Miss.Ct.App.2010). The record in the case also reflects that Ladner missed no work due to his injury, and that the Zaehry Construction told Ladner that if he missed work, then he would not be paid.[2]
¶ 18. We acknowledge the supreme court’s instruction that “workers’ compensation law is to be liberally and broadly construed, resolving doubtful cases in favor of compensation so that the beneficial purposes of the act may be accomplished.” Fin. Inst. Ins. Serv. v. Hoy, 770 So.2d 994, 997 (¶ 6) (Miss.Ct.App.2000) (citing Marshall Durbin Cos. v. Warren, 633 So.2d 1006, 1010 (Miss.1994)).[3] However, we are limited by our standard of review of Commission decisions, which mandates that “[fjindings of fact made by the full Commission are binding on this Court provided they are supported by substantial evidence.” Hoy, 770 So.2d at 997 (¶ 6). Therefore, since the determinative issues in this case involve questions of fact, and not the construction of law, we must yield to the finding of disputed facts made by the fact-finder — the Commission.
¶ 19. When applying the applicable law to our appellate review of the Commission’s findings of fact and conclusions of law in the present case, we find substantial evidence supports the Commission’s order finding that Ladner’s claim was barred by the two-year statute of limitations and that Ladner’s salary failed to constitute wages in lieu of compensation. Accordingly, we affirm the judgment of the circuit court.
¶ 20. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND JAMES, J.

. The insurance carrier, Zurich American Insurance Company, is also an appellee. Collectively, we will refer to both Zachry Construction and Zurich American Insurance Company as "Zachry Construction.”

. Young testified that Ladner did "take some days off between the time of his injury and the time he was laid off [due to family problems].” Young testified that he informed Ladner that "when those days come up, that ... he was not to be compensated^] and [Ladner] agreed to that.”

. We note that this rule has been superseded by statute. See Miss.Code Ann. § 71-3-1. However, the old rale applies to this case because Ladner’s injury occurred before the effective date of the statute.