LEE, C.J.,
dissenting:
¶ 21. With respect to the majority, I must dissent. I agree with the AJ’s decision that Ladner was paid his wages in lieu of compensation, thus tolling the two-year statute of limitations. The issue here is not whether Ladner had a compensable injury but rather whether Ladner will be allowed to file his petition to controvert.
¶ 22. Although Ladner did not remain in the safety trailer all day, the evidence was clear that he did remain in the safety trailer for much of the time he was injured. The jobs Ladner purportedly performed while receiving compensation basically consisted of occasional busywork and *1127 odd jobs. One of these jobs was filing paperwork, which only took approximately thirty minutes to complete.
¶ 23. As the majority states from Parchman v. Amwood Products, Inc., 988 So.2d 346, 349 (¶ 9) (Miss.2008):
Unless there exists an agreement “that the wage is a gratuity in addition to workers’] compensation,” when a claimant “is paid his usual salary and does no work for a given period or does so little work that he really does not earn his wage[,]” the continued payment of the claimant’s salary “will be considered as having been in lieu of compensation.”
(Citation omitted). This is clearly a case where the claimant has done “so little work that he really does not earn his wage.” Ladner testified that any work he did when not confined to the safety trailer was sporadic at best, and he often had little or nothing to do during the day. The only testimony to refute Ladner’s testimony was that of Young and Devlin. Young testified that he did see Ladner working outside the safety trailer but also saw Lad-ner in the safety trailer. Young stated Ladner was a good employee who never caused problems. Devlin testified he would see Ladner outside the safety trailer but admitted it was not on a daily basis. Devlin had no knowledge of how long Lad-ner stayed in the safety trailer during the day. Neither was able to state with specificity a job description for Ladner. It was clear that Ladner’s previous job was to assemble scaffolding. Surely if Ladner was being paid a salary for his work, there were at least two supervisors who could have testified as to the nature of the work he performed. No such testimony was provided.
¶ 24. We are to construe our workers’ compensation laws “liberally and broadly” and resolve “doubtful cases in favor of compensation so that the beneficial purposes of the act may be accomplished.” Fin. Inst. Ins. Serv. v. Hoy, 770 So.2d 994, 997 (¶ 6) (Miss.Ct.App.2000) (citation omitted).[4] I recognize that we are limited by our standard of review of Commission decisions and must affirm if these decisions are supported by substantial evidence. Id. However, I simply cannot find substantial evidence existed to support the Commission’s decision. I would reverse the Commission’s decision and affirm the AJ’s decision finding Ladner’s claim was not barred by the two-year statute of limitations.
IRVING, P.J., AND JAMES, J., JOIN THIS OPINION.

. Mississippi Code Annotated section 71-3-1(1) (Supp.2012) was recently amended to state the following: "[N]otwithstanding any common law or case law to the contrary, this chapter shall not be presumed to favor one party over another and shall not be liberally construed in order to fulfill any beneficent purposes.” However, this amendment only applies to injuries occurring on or after July 1, 2012. Ladner’s injury occurred on December 27, 2006; thus, the new language does not apply in this case. ■